ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
04/30/2018 at 02:14:00 PM
Clerk of the Superior Court
By Richard Day, Deputy Clerk

**PANAKOS LAW, APC**
Aaron D. Sadock (SBN 282131)
555 West Beech Street, Suite 500
San Diego, California 92101
Telephone:    (619) 800-0529
Facsimile:    (866) 365-4856

**LAW OFFICES OF DANIEL A. KAPLAN**
Daniel A. Kaplan (SBN 179517)
Alexandra R. Byler (SBN 294307)
555 West Beech Street, Suite 230
San Diego, California 92101
Telephone:    (619) 685-3988
Facsimile:    (619) 684-3239

Attorneys for Defendants

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN DIEGO – CENTRAL DIVISION**

| | |
|---|---|
| JANE DOE NOS. 1-14, inclusive, individuals;<br><br>Plaintiffs,<br>v.<br><br>GIRLSDOPORN.COM, a business organization, form unknown; MICHAEL J. PRATT, an individual; ANDRE GARCIA, an individual; MATTHEW WOLFE, an individual; BLL MEDIA, INC., a California corporation; BLL MEDIA HOLDINGS, LLC, a Nevada limited liability company; DOMI PUBLICATIONS, LLC, a Nevada limited liability company; EG PUBLICATIONS, INC., a California corporation; M1M MEDIA, LLC, a California limited liability company; BUBBLEGUM FILMS, INC., a business organization, form unknown; OH WELL MEDIA LIMITED, a business organization, form unknown; MERRO MEDIA, INC., a California corporation; MERRO MEDIA HOLDINGS, LLC, a Nevada limited liability company; and ROES 1 - 500, inclusive,<br><br>Defendants. | LEAD CASE:<br>Case No. 37-2016-00019027-CU-FR-CTL<br><br>CONSOLIDATED WITH:<br>Case No. 37-2017-00043712-CU-FR-CTL<br>Case No. 37-2017-00033321-CU-FR-CTL<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FILED BY JANE DOES NOS. 15 AND 16**<br><br>**Judge:** Hon. Joel R. Wohlfeil<br>**Dept.:** C-73<br><br>Complaints Filed: September 7, 2017<br>Trial Date: March 8, 2019<br><br>[IMAGED FILE] |

///

///

///

-1-
ANSWER TO COMPLAINT FILED BY JANE DOES NOS. 15 & 16

Defendants GIRLSDOPORN.COM, MICHAEL J. PRATT, ANDRE GARCIA, MATTHEW WOLFE, BLL MEDIA, INC., BLL MEDIA HOLDINGS, LLC, EG PUBLICATIONS, INC., M1M MEDIA, LLC, MERRO MEDIA, INC., and MERRO MEDIA HOLDINGS, LLC (collectively, "Defendants") respectfully submit this Answer to the Complaint filed by plaintiffs JANE DOE NOS. 15 and 16 (collectively, "Plaintiffs").

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendants generally and specifically deny each and all of the allegations in Plaintiffs' Complaint, including each and every purported cause of action contained therein. Defendants further deny that Plaintiffs have or will sustain damages in the amounts alleged, or in any amount whatsoever, by reason of any conduct of Defendants. Further, Defendants:

1. Deny that Plaintiffs are entitled to judgment against Defendants in any amount whatsoever, and for any reason or manner as alleged;

2. Deny that Plaintiffs are entitled to any form of relief whatsoever; and

3. Deny that Plaintiffs are entitled to any award of attorneys' fees and costs incurred as a result of these claims, or for any other reason.

## AFFIRMATIVE DEFENSES

As to each and every cause of action stated against Defendants in the Complaint, Defendants allege the following as separate and affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(No Damages Suffered)**

Plaintiffs have not suffered any damage as a result of any actions or omissions of Defendants.

///

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that Plaintiffs failed, neglected, and refused to mitigate their alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that Plaintiffs' claims are barred, in whole or in part, because of their own unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Proportion of Fault)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that the damages alleged by Plaintiffs, if any, were a direct and proximate result of the actions of parties other than these Defendants, and that the Defendants' liability, if any, is limited in direct proportion to the percentage of fault directly attributable to them.

### SIXTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that the claims therein and each and every purported cause of action are barred due to Plaintiffs' own acts and courses of conduct which render it *in pari delicto*.

### SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that Plaintiffs have delayed for an unreasonable period of time in asserting their claims or causes of action against Defendants, which delays have prejudiced Defendants. Therefore, Plaintiffs' claims or causes of action against Defendants are barred under the doctrine of laches.

///

## EIGHTH AFFIRMATIVE DEFENSE

### (Independent, Intervening Conduct)

Plaintiffs are barred from recovery in that any damage sustained by Plaintiffs was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that Plaintiffs will be unjustly enriched by an award of the amount claimed in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Doctrine of Estoppel)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that Plaintiffs are estopped to recover from Defendants as a result of their own conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Doctrine of Waiver)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that Plaintiffs are barred from any recovery against Defendant as a result of the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (Consent)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that Plaintiffs consented to and approved all alleged acts and omissions attributed to Defendants. Therefore, Plaintiffs' claims or causes of action against Defendants are barred under the doctrine of consent.

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification)

Defendants deny that they committed any unlawful act or omission against Plaintiffs, however, any action or omission they did take was justified under the circumstances.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that the claims therein and each and every purported cause of action are barred due to the statute of limitations, including, but not limited to, California Code of Civil Procedure sections 339 and 335.1.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that any award of punitive or exemplary damages as sought by Plaintiffs therein would violate the due process and excessive fine clauses of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of California.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Attorney Fees, Costs, or Pre- or Post-Judgment Interest)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that attorneys' fees, costs, and pre- and post-judgment interest are not recoverable by Plaintiffs as a matter of law in this case.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Negligence)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that Plaintiffs were negligent or otherwise at fault and should be barred from recovery of that portion of the damages (if any were suffered) directly attributable to their proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

-5-
ANSWER TO COMPLAINT FILED BY JANE DOES NOS. 15 & 16

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Misjoinder – C.C.P. § 430.10(d))**

The Complaint contains a defect or misjoinder of parties.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Parol Evidence)**

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that the claims therein and each and every purported cause of action are barred due to the Parol evidence rule.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that Plaintiffs are seeking to recover lost profits or damages that are completely speculative in nature.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that Plaintiffs knowingly and voluntarily assumed the risk of the conduct, events, and matters alleged in their Complaint, and the damages, if any, incurred by Plaintiffs, was the proximate result of the risks so assumed.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Exercise Ordinary Care)**

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that Plaintiffs failed to exercise ordinary and reasonable care on their own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, their own alleged injuries and damages, if any, and Plaintiffs' recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

///

///

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Acts of Other Parties)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that if they are subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other parties unknown at this time, and any recovery obtained by Defendants should be barred or reduced according to law, up to and including the whole thereof.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Exercise Ordinary Care)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that if they are subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other parties unknown at this time, and any recovery obtained by Defendants should be barred or reduced according to law, up to and including the whole thereof.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Uncertainty)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that at all relevant times herein, Defendants exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Ripeness)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that Plaintiffs have not yet incurred damages or loss with respect to this action. Their Complaint is therefore not ripe for adjudication.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Non-Existent Obligations)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that the Complaint contains non-existent obligations which were not contracted for and no agreement exists.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that if any contracts, obligations or agreements as alleged in the Complaint have been entered into, any duty of performance of Defendants is excused by reason of failure of consideration, waiver, nonexistence of condition precedent, breach by Plaintiffs, impossibility of performance, prevention by Plaintiffs, frustration of purpose and/or acceptance by Plaintiffs.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Setoff)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that to the extent Defendants are found liable under any cause of action alleged in the Complaint, the award to Plaintiffs, if any, should be set off by the amount owed by Plaintiffs to Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Improper Joinder)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that Plaintiffs are improperly joined to this action and should be severed accordingly.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendants currently have insufficient information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve their rights to assert additional defenses in the event discovery indicates additional affirmative defenses are appropriate.

## PRAYER

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs take nothing by virtue of this action;
2. For judgment to be entered against Plaintiffs and in favor of Defendants;

3. That Defendants be awarded their costs incurred in this action, and any other amounts recoverable under law; and

4. That this Court grant Defendants such other relief the Court may deem just and proper.

Dated: April 30, 2018

**LAW OFFICES OF DANIEL A. KAPLAN**

By: _____
Daniel A. Kaplan
Alexandra R. Byler
Attorneys for Defendants

-9-
ANSWER TO COMPLAINT FILED BY JANE DOES NOS. 15 & 16