ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
03/23/2017 at 01:51:00 PM
Clerk of the Superior Court
By Connie Hines,Deputy Clerk

1  **PANAKOS LAW, APC**
   Aaron D. Sadock (SBN 282131)
2  555 West Beech Street, Ste. 500
   San Diego, California 92101
3  Telephone:   (619) 800-0529
   Facsimile:    (866) 365-4856
4
   **LAW OFFICES OF DANIEL A. KAPLAN**
5  Daniel A. Kaplan (SBN 179517)
   Alexandra R. Byler (SBN 294307)
6  555 West Beech Street, Suite 230
   San Diego, California 92101
7  Telephone:   (619) 685-3988
   Facsimile:    (619) 684-3239
8
   Attorneys for Defendants
9

10                **SUPERIOR COURT OF CALIFORNIA**

11            **COUNTY OF SAN DIEGO – CENTRAL DIVISION**

| | |
|---|---|
| JANE DOE NOS. 1-14, inclusive, individuals;<br><br>Plaintiffs,<br><br>v.<br><br>GIRLSDOPORN.COM, a business organization, form unknown; MICHAEL J. PRATT, an individual; ANDRE GARCIA, an individual; MATTHEW WOLFE, an individual; BLL MEDIA, INC., a California corporation; BLL MEDIA HOLDINGS, LLC, a Nevada limited liability company; DOMI PUBLICATIONS, LLC, a Nevada limited liability company; EG PUBLICATIONS, INC., a California corporation; MlM MEDIA, LLC, a California limited liability company; BUBBLEGUM FILMS, INC., a business organization, form unknown; OH WELL MEDIA LIMITED, a business organization, form unknown; MERRO MEDIA, INC., a California corporation; MERRO MEDIA HOLDINGS, LLC, a Nevada limited liability company; and ROES 1 - 500, inclusive,<br><br>Defendants. | Case No. 37-2016-00019027-CU-FR-CTL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. Gregory W. Pollack<br>Dept.:  C-71<br><br>Complaint Filed:  June 2, 2016<br>Trial Date:           February 23, 2018<br><br>IMAGED FILE |

Defendants GIRLSDOPORN.COM, MICHAEL J. PRATT, ANDRE GARCIA, MATTHEW WOLFE, BLL MEDIA, INC., BLL MEDIA HOLDINGS, LLC, EG PUBLICATIONS, INC., M1M MEDIA, LLC, MERRO MEDIA, INC., and MERRO MEDIA HOLDINGS, LLC (collectively, "Defendants") hereby answer Plaintiffs' Second Amended Complaint ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendants generally and specifically deny each and all of the allegations in Plaintiffs' Complaint, including each and every purported cause of action contained therein. Defendants further deny that Plaintiffs have or will sustain damages in the amounts alleged, or in any amount whatsoever, by reason of any conduct of Defendants. Further, Defendants:

1. Deny that Plaintiffs are entitled to judgment against Defendants in any amount whatsoever, and for any reason or manner as alleged.

2. Deny that Plaintiffs are entitled to any form of relief whatsoever, and;

3. Deny that Plaintiffs are entitled to any award of attorneys' fees and costs incurred as a result of these claims, or for any other reason.

## AFFIRMATIVE DEFENSES

As to each and every cause of action stated against Defendants in the Complaint, Defendants allege the following as separate and affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(No Damages Suffered)**

Plaintiffs have not suffered any damage as a result of any actions or omissions of Defendants.

///

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that Plaintiffs failed, neglected, and refused to mitigate their alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that Plaintiffs' claims are barred, in whole or in part, because of their own unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Proportion of Fault)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that the damages alleged by Plaintiffs, if any, were a direct and proximate result of the actions of parties other than these Defendants, and that the Defendants' liability, if any, is limited in direct proportion to the percentage of fault directly attributable to them.

## SIXTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that the claims therein and each and every purported cause of action are barred due to Plaintiffs' own acts and courses of conduct which render it *in pari delicto*.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that Plaintiffs have delayed for an unreasonable period of time in asserting their claims or causes of action against Defendants, which delays have prejudiced Defendants. Therefore, Plaintiffs' claims or causes of action against Defendants are barred under the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Independent, Intervening Conduct)

Plaintiffs are barred from recovery in that any damage sustained by Plaintiffs was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that Plaintiffs will be unjustly enriched by an award of the amount claimed in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Doctrine of Estoppel)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that Plaintiffs are estopped to recover from Defendants as a result of their own conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Doctrine of Waiver)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that Plaintiffs are barred from any recovery against Defendant as a result of the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (Consent)

Defendants allege, and without admitting any of the allegations contained in the Complaint, that Plaintiffs consented to and approved all alleged acts and omissions attributed to Defendants. Therefore, Plaintiffs' claims or causes of action against Defendants are barred under the doctrine of consent.

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Justification)

Defendants deny that they committed any unlawful act or omission against Plaintiffs, however, any action or omission they did take was justified under the circumstances.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that the claims therein and each and every purported cause of action are barred due to the statute of limitations, including, but not limited to, California Code of Civil Procedure sections 339 and 335.1.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (No Punitive Damages)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that any award of punitive or exemplary damages as sought by Plaintiffs therein would violate the due process and excessive fine clauses of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of California.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (No Attorney Fees, Costs, or Pre- or Post-Judgment Interest)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that attorneys' fees, costs, and pre- and post-judgment interest are not recoverable by Plaintiffs as a matter of law in this case.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Negligence)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that Plaintiffs were negligent or otherwise at fault and should be barred from recovery of that portion of the damages (if any were suffered) directly attributable to their proportionate share of the negligence or fault, pursuant to the doctrine of comparative

negligence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Misjoinder – CCP § 430.10(D))

The Complaint contains a defect or misjoinder of parties.

### NINETEENTH AFFIRMATIVE DEFENSE

(Parol Evidence)

Defendants allege, and without admitting any of the allegations contained in Plaintiffs' Complaint, that the claims therein and each and every purported cause of action are barred due to the Parol evidence rule.

### TWENTIETH AFFIRMATIVE DEFENSE

(Speculative Damages)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that Plaintiffs are seeking to recover lost profits or damages that are completely speculative in nature.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Assumption of Risk)

Defendants allege, and without admitting any of the allegations contained in the Plaintiffs' Complaint, that Plaintiffs knowingly and voluntarily assumed the risk of the conduct, events, and matters alleged in their Complaint, and the damages, if any, incurred by Plaintiffs, was the proximate result of the risks so assumed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

Defendants currently have insufficient information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve their rights to assert additional defenses in the event discovery indicates additional affirmative defenses are appropriate.

///

///

## **PRAYER**

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs take nothing by virtue of this action;
2. For judgment to be entered against Plaintiffs and in favor of Defendants;
3. That Defendants be awarded their costs incurred in this action, and any other amounts recoverable under law; and
4. That this Court grant Defendants such other relief the Court may deem just and proper.

Dated: March 23, 2017

**LAW OFFICES OF DANIEL A. KAPLAN**

By: _____
Daniel A. Kaplan
Alexandra R. Byler
Attorneys for Defendants

# PROOF OF SERVICE

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO – CENTRAL DIVISION

*Jane DOES Nos. 1-14 v. GIRLSDOPORN.COM, et al.*
San Diego Superior Court Case No 37-2016-00019027-CU-FR-CTL

I, Candace Ceballos declare as follows:

I am employed by a member of the bar of the State of California. I am over the age of 18 and not a party to the within action; my business address is 555 West Beech Street, Suite 500, San Diego, California 92101.

On March 23, 2017, I served true and correct copies of the foregoing document(s) described as:

1. **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed as follows:

| | |
|---|---|
| Robert Hamparyan, Esq.<br>ROBERT HAMPARYAN, APC<br>275 W. Market Street<br>San Diego, CA 92101<br>robert@hamparyanlawfirm.com | *Attorney for Plaintiffs* |
| John J. O'Brien, Esq.<br>THE O'BRIEN LAW FIRM, APLC<br>750 B. Street, Suite 3300<br>San Diego, CA 92101<br>john@theobrienlawfirm.com | *Attorney for Plaintiffs* |
| Brian M. Holm, Esq.<br>HOLM LAW GROUP, PC<br>12636 High Bluff Drive, Suite 400<br>San Diego, CA 92130<br>brian@holmlawgroup.com | *Attorney for Plaintiffs* |
| Carrie Goldberg<br>C.A. GOLDBERG, PLLC<br>16 Court Street, Suite 2500<br>Brooklyn, NY 11241<br>carrie@cagoldberglaw.com | *Attorney for Plaintiffs* |

George Rikos
LAW OFFICES OF GEORGE RIKOS
225 Broadway, Suite 2100
San Diego, CA 92101
george@georgerikoslaw.com

*Attorney for Defendant Domi Publications LLC*

☐ **BY U.S. MAIL** (C.C.P. § 1013(a)) I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with United States postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or posted meter date is more than one day after date of deposit for mailing in affidavit.

☒ **ELECTRONIC TRANSMISSION** (C.C.P. § 1010.6(6)) Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail address(es) listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY OVERNIGHT DELIVERY** (C.C.P. § 1013(c)) I am readily familiar with the firm's practice of collection and processing correspondence for mailing with Overnite Express and Federal Express. Under that practice, it would be deposited with Overnite Express and/or Federal Express on that same day thereon fully prepaid at San Diego California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ **BY FACSIMILE** (C.C.P. § 1013(e)) Based on agreement of the parties to accept service by fax transmission, I faxed the documents on this date to the person(s) at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **BY PERSONAL SERVICE** (C.C.P. § 1011(a)) I served the documents by placing them in an envelope or package addressed to the person(s) at the addresses listed and providing them to a professional messenger service for service on this date.

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 23, 2017, in San Diego, California.

*Candace Ceballos*
Candace Ceballos