1

**Panakos Law, APC**
Aaron D. Sadock (SBN 282131)
555 West Beech Street, Suite 500
San Diego, California 92101
Telephone:   (619) 800-0529
Facsimile:   (866) 365-4856

2

3

4

**Law Offices of Daniel A. Kaplan**
Daniel A. Kaplan (SBN 179517)
555 West Beech Street, Suite 230
San Diego, California 92101
Telephone:   (619) 685-3988
Facsimile:   (619) 684-3239

5

6

7

8

Attorneys for Defendants

9

Girlsdoporn.com, Michael J. Pratt,

Andre Garcia, Matthew Wolfe,

10

BLL Media, Inc., BLL Media Holdings,

11

LLC, EG Publications, Inc., M1M Media,

LLC, Merro Media, Inc., and Merro Media

12

Holdings, LLC

13

George D. Rikos (SBN 204864)
**Law Offices of George Rikos**
225 Broadway, Suite 2100
San Diego, California 92101
Telephone:   (858) 342-9161
Facsimile:   (858) 724-1453

14

15

16

Attorneys for Defendant
DOMI Publications, LLC

17

18

## UNITED STATES DISTRICT COURT

19

## SOUTHERN DISTRICT OF CALIFORNIA

20

21

22

23

24

25

26

27

28

-1-
MEMORANDUM OF POINTS AND AUTHORITIES ISO JOINT MOTION FOR
DISCOVERY SANCTIONS

| | |
|---|---|
| JANE DOE NOS. 1-14, inclusive, individuals;<br><br>Plaintiffs,<br><br>v.<br><br>GIRLSDOPORN.COM, a business organization, form unknown; MICHAEL J. PRATT, an individual; ANDRE GARCIA, an individual; MATTHEW WOLFE, an individual; BLL MEDIA, INC., a California corporation; BLL MEDIA HOLDINGS, LLC, a Nevada limited liability company; DOMI PUBLICATIONS, LLC, a Nevada limited liability company; EG PUBLICATIONS, INC., a California corporation; M1M MEDIA, LLC, a California limited liability company; BUBBLEGUM FILMS, INC., a business organization, form unknown; OH WELL MEDIA LIMITED, a business organization, form unknown; MERRO MEDIA, INC., a California corporation; MERRO MEDIA HOLDINGS, LLC, a Nevada limited liability company; and ROES 1 - 500, inclusive,<br><br>Defendants. | Case No. 19cv0160-WQH-BLM<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR DISCOVERY SANCTIONS**<br><br>**Date:** TBD<br>**Time:** TBD<br>**Magistrate:** Hon. Barbara L. Major |

Defendants GIRLSDOPORN.COM, MICHAEL J. PRATT, ANDRE GARCIA, MATTHEW WOLFE, BLL MEDIA, INC., BLL MEDIA HOLDINGS, LLC, EG PUBLICATIONS, INC., M1M MEDIA, LLC, MERRO MEDIA, INC., and MERRO MEDIA HOLDINGS, LLC, represented by attorneys Aaron D. Sadock and Daniel A. Kaplan, and defendant DOMI PUBLICATIONS, LLC, represented by attorney George D. Rikos, hereby respectfully submit this Memorandum of Points and Authorities in Support of their Joint Motion for Discovery Sanctions.

## I.   INTRODUCTION

On January 23, 2019, defendant Michael Pratt filed for Bankruptcy in the Southern District. (Sadock Decl., ¶ 2, Ex. A.)  On January 24, 2019, Mr. Pratt

1   removed the San Diego Superior Court action to the Southern District Court of

2   California.  (Dkt. No. 1.)   On January 24, 2019, after receipt of the notice of

3   removal, the San Diego Superior Court Judge, Hon. Joel R. Wohlfeil, stayed the

4   state court action.  (Sadock Decl., ¶ 7, Ex. F.)

5          On January 25, 2019, this Court issued a scheduling order.  (Dkt. No. 5.)  As

6   part of the scheduling order, the Court set, in part, the following deadlines: (1)

7   conduct Fed. R. Civ. P. 26(f) conference by February 6, 2019; (2) file a joint

8   discovery plan by February 15, 2019; (3) set an Early Neutral Evaluation for

9   February 27, 2019.

10         Despite the bankruptcy stay, the state court stay, this Court's scheduling

11  order and Federal Rules of Civil Procedure Rule 26, Plaintiffs unilaterally

12  proceeded with discovery warranting sanctions.

13  **II.   LEGAL ARGUMENT**

14         Federal Rules of Civil Procedure Rule 37(b)(2) provides this Court with

15  authority to sanction a party for not complying with a discovery order.  Discovery

16  orders, other pretrial orders, and all orders governing management of the case are

17  enforceable under pain of sanctions for unjustifiable violation.  *Barreto v. Citibank,*

18  *NA* (Puerto Rico) 1990, 907 F.2d 15.  Trial judges have considerable discretion in

19  selecting and imposing sanctions.  *Id.*

20         In addition, the Southern District of California District Court maintains Local

21  Rule 83.1, which provides this Court with additional authority to sanction Plaintiffs

22  and their counsel for violating the Federal Rules of Civil Procedure or any court

23  order.

24         Fed. R. Civ. P. 26(d)(1) specifically prohibits a party from conducting any

25  discovery from any source until the parties have conferred as required by Rule

26  26(f).   This Magistrate's clerk further confirmed that discovery is not open. (Decl.

27  Rikos ¶ 6.)

28         On January 28, 2019, without seeking court permission, Plaintiffs' counsel,

-3-

MEMORANDUM OF POINTS AND AUTHORITIES ISO JOINT MOTION FOR
DISCOVERY SANCTIONS

Brian Holm, Esq. conducted the deposition of third-party Audrey Pina.  (Sadock Decl., ¶ 13, Ex. K.)  On January 29, 2019, Mr. Holm conducted the deposition of third-party witness Kailyn Wright.[1]  (Sadock Decl., ¶ 14, Ex. L.)  Both of these witnesses appeared pursuant to subpoenas that Mr. Holm issued in the state court action.  Both depositions were taken in violation of the state court stay order and in violation of this Court's scheduling order as well as Federal Rules of Civil Procedure Rule 26.

Portions of the rough draft transcripts of the depositions reveal that Mr. Holm failed to inform the third-party witnesses of the state court's stay order or bankruptcy stay.  Moreover, Mr. Holm did not mention on the record the fact that discovery was not open in the Federal Action.  In addition, Mr. Holm did not tell the witnesses that they were no longer compelled to attend their depositions under his state court subpoenas due to the removal of the case.  Rather, without the presence of any of the defense attorneys, Mr. Holm proceeded to provide the witnesses with admonitions of the deposition process and took their depositions. (See Sadock Decl., ¶¶ 13-14, Ex. K, L.)

On or about February 5, 2018, defense counsel discovered that Plaintiffs had issued but kept secret two additional third-party subpoenas for the production of business records that Plaintiffs did not serve on Defendants at all in either the state action or Federal Action.  (Rikos Decl., ¶ 7; Sadock Decl., ¶¶ 17-18.)   These subpoenas were issued to GoDaddy, Inc. and Domains by Proxy, LLC.  Mr. Holm, apparently chose to issue two subpoenas and serve the third parties but not serve the Defendants.  In addition, Mr. Holm never informed the third parties the subpoenas were subject to a state court stay order.  Moreover, Mr. Holm never advised the third parties of the fact the case was removed to Federal Court where discovery was

---

[1] Kailyn Wright is actually a named defendant, but she was subpoenaed for her deposition because have never served her with a summons or complaint. According to the rough transcript of her deposition, Mr. Holm did not inform her that she is a named defendant, and instead treated her solely as a third-party witness. (Sadock Decl., ¶ 14, Ex. L.)

MEMORANDUM OF POINTS AND AUTHORITIES ISO JOINT MOTION FOR DISCOVERY SANCTIONS

1  not open, or that the case was subject to a bankruptcy stay.  Defendants only

2  discovered the subpoenas from email notifications sent from the third parties to

3  Defendants directly informing them that Plaintiffs were seeking Defendants'

4  records. (Rikos Decl., ¶ 7; Sadock Decl., ¶¶ 17-18.)  To date, and despite requesting

5  them from Plaintiffs' counsel multiple times, Defendants still do not have the

6  subpoenas.  (Sadock Decl., ¶ 18.)

7       The above violations by Plaintiffs' counsel were willful.  On January 28,

8  2019, after debtor Michael Pratt filed for bankruptcy and removed the matter to

9  Federal Court, Mr. Holm sent an email communication specifically stating that if

10  the Defendants did not attend the depositions he noticed in the stayed state action,

11  the Defendants should work out the ramifications with the Defense counsel's clients

12  and their professional liability *carrier.*  (Sadock Decl., ¶ 12, Ex. J.)  Such an email

13  is a direct suggestion that the depositions would be going forward, and if

14  Defendants' counsel failed to attend it would be tantamount to malpractice.

15       Such audacious communications are not appropriate pursuant to Local Rule

16  83.4.  In addition, the statements demonstrate Mr. Holm's willful violation of a

17  bankruptcy stay, state court action stay, and this Court's scheduling order, as well

18  as Fed. R. Civ. P. 26(d)(1).

19       Over the course of the past two weeks, Defendants have repeatedly asked

20  Plaintiffs to simply state what discovery they were conducting, to no avail.  A copy

21  of numerous attempts to resolve this matter and inquire as to what discovery was

22  being conducted is attached for this Court's consideration.  (Rikos Decl., ¶¶ 3-6,

23  Ex. 2-4.)  It was only when the rough drafts of the deposition transcripts were

24  received that it was determined at least two depositions were conducted improperly.

25  (Sadock Decl., ¶¶ 13-14, Ex. K, L.) In fact, when defense counsel attempted to

26  obtain the deposition transcripts, the court reporter advised that Mr. Holm

27  instructed her to not produce the transcripts without his authorization.

28       On January 30, 2019, after both depositions described above, were taken, Mr.

-5-

MEMORANDUM OF POINTS AND AUTHORITIES ISO JOINT MOTION FOR
DISCOVERY SANCTIONS

Chapin would not confirm whether such discovery was being conducted, but rather stated, "We are not precluded from investigating our case which will likely be remanded shortly, so focus on your prep and not what we are doing." (Rikos Decl., ¶ 5, Ex. 3.)  Then again, on January 31, 2019, Mr. Chapin stated that "as I understand it depositions are adversary proceedings.  There have been no such proceedings." (Rikos Decl., ¶ 5, Ex. 3.)  Such a statement was false as two depositions had already been conducted by Plaintiffs' counsel. (See Sadock Decl., ¶¶ 13-14, Ex. K, L.)

In fact, as of February 6, 2019, at the 26(f) conference meeting, Plaintiffs' Counsel, Ed Chapin, Esq., initially claimed the depositions of the two third-party witnesses were not depositions at all, but rather recorded statements.  (Rikos Decl., ¶ 10.)  When advised that deposition admonitions were provided to the witnesses, Mr. Chapin immediately changed course and indicated he would not yet commit as to whether the depositions were depositions or something else.  (Decl. Rikos ¶ 10.)  Likewise, Mr. Chapin confirmed the two business records subpoenas were never served on Defendants.  However, despite numerous requests, the subpoenas have still not been provided to the Defendants.  (Sadock Decl., ¶ 18.)

Based upon the above willful conduct, Defendants, jointly, request sanctions. First and foremost, Defendants request the testimony of both witnesses deposed be stricken and those witnesses be excluded from testifying at trial.  In addition, the Defendants request monetary sanctions in an amount not less than $5,650 for their efforts to resolve this issue informally and Plaintiffs' failure to meaningfully respond.  (Decl. Rikos ¶ 13.)

///

///

///

///

///

-6-

1    Finally, Defendants request Plaintiffs be enjoined from conducting any

2  further discovery until after the ENE conference.  It is believed the ENE conference

3  will be meaningful with all parties and their attorneys present.

4

5  Date: February 8, 2019                    **LAW OFFICES OF GEORGE RIKOS**

6

7                                          By:   */s/ George Rikos*
                                                  George Rikos
8                                                 Attorneys for Defendant
                                                  DOMI Publications, LLC
9

10 Date: February 8, 2019                    **PANAKOS LAW, APC**

11

12                                         By:   */s/ Aaron D. Sadock*
                                                  Aaron D. Sadock
13                                                Attorneys for Defendants

14

15 Date: February 8, 2019                    **LAW OFFICES OF DANIEL A.
                                            KAPLAN**
16

17                                         By:   */s/ Daniel A. Kaplan*
                                                  Daniel A. Kaplan
18                                                Attorneys for Defendants

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO JOINT MOTION FOR
DISCOVERY SANCTIONS